IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JERMAIN SANTELL HILL,

           Plaintiff,

v.                                            CIVIL ACTION NO. 2:19-cv-00140

ASHLEY HOLIDAY, et al.,

           Defendants.

## PROPOSED FINDINGS & RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2.) Before this Court are the Complaint (ECF No. 1) and the Supplemental Complaint (ECF No. 8)[1] filed by Plaintiff Jermain Santell Hill ("Plaintiff"). For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that Plaintiff's claims against Defendant Anthony Leonard ("Leonard") and his equal-protection claims against all of the defendants be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

---

1 Generally, "a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, [and] it renders the original complaint 'of no effect.'" *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (quoting *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)). However, given that Plaintiff's Supplemental Complaint (ECF No. 8) suggests that he simply sought to add a defendant to the original action, the undersigned has considered both the Complaint (ECF No. 1) and the Supplemental Complaint (ECF No. 8) as the operative complaint.

I.  BACKGROUND

Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, alleging violations of his "1st, 4th, 5th, 6th, 8th, 14th, and equal protection rights" stemming from a prison disciplinary proceeding. (ECF Nos. 1, 8.) According to Plaintiff, he was "falsely accused, convicted, and punished for a rule 1.03 Rape, Sexual Assault, or sexual acts violation on June 16th, 2017 without any proof or victim thereof." (ECF No. 1 at 1.) Plaintiff avers that he was "sentenced and physically confined solitary to a cell for fifteen days" and "was confined to the cell for twenty four [sic] hour durations and denied daily one hour recreation, the opportunity to shower hygiene [sic], or make attorney phone calls." (*Id.*) He alleges that he "filed an administrative remedy to the situation to the institutions administration [Leonard] only to be denied by his tacit authorization of the misconduct of the officers." (*Id.* at 2; *see* ECF No. 8 at 1.)

II.  LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing

2

*De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)).

That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

### III. ANALYSIS

#### A. *Claims Against Leonard*

Plaintiff's claims against Leonard appear to arise from Leonard's alleged denial of Plaintiff's appeal of his disciplinary sanction. (ECF No. 1 at 2; ECF No. 8 at 1; *see* ECF No. 1-1 at 4; ECF No. 8 at 8.) But a prison official's "administrative role in receiving and affirming administrative remedies and disciplinary appeals . . . 'is not the type of personal involvement required to state a[] . . . claim'" against that official for violating the inmate's

3

constitutional rights. *Rush v. Douglas*, No. 2:18-cv-00364, 2020 WL 1161201, at *5 (S.D.W. Va. Feb. 18, 2020) (quoting *Lowe v. Matheney*, No. 2:13-cv-22416, 2015 WL 5795867, at *9 (S.D.W. Va. Sept. 30, 2015)), *adopted by* 2020 WL 1165976 (S.D.W. Va. Mar. 9, 2020). And to the extent Plaintiff seeks to hold Leonard responsible for the other defendants' alleged misconduct, "[t]he doctrine of *respondeat superior* has no application under [§ 1983]." *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Accordingly, the undersigned **FINDS** that Plaintiff's Complaint (ECF No. 1) and Supplemental Complaint (ECF No. 8) fail to state a cognizable § 1983 claim against Leonard.

  B. *Equal-Protection Claims*

Plaintiff has not alleged a cognizable equal-protection claim against any of the defendants because he has not identified a comparator. "To succeed on an equal-protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Martin v. Duffy*, 858 F.3d 239, 252 (4th Cir. 2017) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). Although the complaint need not specifically identify the comparator, it must nonetheless plead facts demonstrating that one exists. *Ruttenberg v. Jones*, 283 F. App'x 121, 131 (4th Cir. 2008) (per curiam) (affirming dismissal of equal-protection claim that "fails to allege the existence of similarly situated individuals"); *Foster v. U.S. EPA*, No. 2:14-cv-16744, 2016 WL 4473453, at *9 (S.D.W. Va. Aug. 22, 2016) (dismissing equal-protection claim because allegations contained "no information from which the court may determine that [other "regulated entities or properties"] were similarly situated to plaintiffs"). Plaintiff has not alleged that any of the defendants treated him differently from any other

4

inmate who was similarly accused of a Rule 1.03 violation. (ECF Nos. 1, 8.) Therefore, the undersigned **FINDS** that the Complaint (ECF No. 1) and the Supplemental Complaint (ECF No. 8) do not state an equal-protection claim against any of the defendants.

## IV. RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Plaintiff's claims against Defendant Anthony Leonard ("Leonard") and his equal-protection claims against all of the defendants be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Copenhaver.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

October 18, 2021

Dwane L. Tinsley
United States Magistrate Judge