```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

JERMAIN SANTELL HILL,

      Plaintiff,

v.                                    Civil Action No. 2:19-cv-00140

ASHLEY HOLIDAY, RON WEBB,
CORPORAL ROOP, and ANTHONY
LEONARD,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are two Proposed Findings and Recommendation ("PF&R"), filed October 18, 2021, as well as an objection to a portion of one of the PF&Rs, filed by defendant Corporal Roop on November 1, 2021.

Pro se plaintiff Jermain Santell Hill ("Hill") initiated this action in this court on February 25, 2019. Compl., ECF No. 1.  On May 28, 2019, Hill submitted supplemental information to add to his original complaint.  Suppl. Compl., ECF No. 8.  The complaint arises out of disciplinary action taken against Hill in the form of segregation while incarcerated as a pretrial detainee at South Central Regional Jail in Kanawha County, West Virginia.  See Compl.; Suppl. Compl.  Hill's action was referred to Dwane L. Tinsley, United States Magistrate

Judge, who submitted the pending PF&Rs pursuant to 28 U.S.C. § 636(b)(1)(B).

In the first PF&R, the magistrate judge "recommend[s] that [Hill's] claims against Defendant Anthony Leonard . . . and his equal-protection claims against all of the defendants be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted." First PF&R, ECF No. 32 at 5 (emphasis omitted). Hill does not object to the magistrate judge's recommendation. The court therefore adopts the first PF&R and incorporates it herein.

In the second PF&R, the magistrate judge "recommend[s] that Plaintiff's motion [for summary judgment] be granted in part and denied in part and Defendants' motion [for summary judgment] be granted in part and denied in part." Second PF&R, ECF No. 33 at 14 (emphasis omitted). Specifically, the magistrate judge recommends that Hill's motion for summary judgment be granted on his Section 1983 due process claim, which is limited to Corporal Roop, and otherwise denied; and the magistrate judge recommends that the defendants' motion for summary judgment be denied on Hill's Section 1983 due process claim against Corporal Roop and otherwise granted. See id. at 7, 10-11, 14. Hill does not object to the magistrate judge's recommendation, and the defendants object only insofar as the

magistrate judge recommends granting Hill's motion and denying their motion on the Section 1983 due process claim against Corporal Roop.  See Defs. Obj. 1, ECF No. 34.  For the reasons set forth below, the court denies the objections, adopts the second PF&R and incorporates it herein.  See generally 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those . . . specified proposed findings or recommendations to which objection is made.").

   Corporal Roop lodges two objections to the PF&R.  First, he argues that "[Hill], as a matter of law, was not entitled to any procedural due process because" the discipline Hill received was insufficient to implicate Hill's "liberty interest."  See Defs. Obj. 3-5; see also Prieto v. Clarke, 780 F.3d 245, 248-49 (stating that "a plaintiff must . . . identify a protected liberty or property interest" before entitlement to procedural due process).  Thus, Corporal Roop insists that it is irrelevant that he did not provide Hill with a post-hearing written explanation of his reasons for disciplining Hill, to which Hill would normally have a procedural due process right.  See Defs. Obj. 3-5; see also Dilworth v. Adams, 841 F.3d 246, 253 (4th Cir. 2016) ("An inmate . . . is entitled, . . . after the hearing, to a written statement describing the reasons for the disciplinary action taken.").

3

Corporal Roop, however, is incorrect on one crucial fact: Hill was a pretrial detainee, not an inmate. See Hill Decl., ECF No. 3.[1] As a pretrial detainee, Hill had "a liberty interest in freedom from 'punishment,'" or "discrete 'punitive measures.'" Dilworth v, 841 F.3d at 251. Because Hill was unquestionably punished by a discrete punitive measure, Hill was entitled to requisite procedural safeguards to his protected liberty interest. See id. at 252-53 (citing cases). As the magistrate judge found, Corporal Roop violated Hill's right to procedural due process under the Fourteenth Amendment when he failed to provide Hill with a post-hearing written explanation of the reasons for discipline. Id. at 253.

Second, Corporal Roop argues that he is nevertheless entitled to qualified immunity. Defs. Obj. 7. On the contrary, the magistrate judge correctly explained that Hill's right to a post-hearing written explanation for discipline was clearly established on the date Corporal Roop held the disciplinary hearing, June 18, 2017. ECF No. 26-5 (June 18, 2017, hearing date); Wolff v. McDonnell, 418 U.S. 539, 564 (1974) ("We also hold that there must be a 'written statement by the factfinders

---

[1] Hill styles his declaration as an "Affidavit," but the document meets the requirements of an unsworn declaration in lieu of a sworn affidavit allowable under 28 U.S.C. § 1746. See Hill Decl.

as to the evidence relied on and reasons' for the disciplinary action.");[2] see also id. at 565.

Corporal Roop's objections are without merit. The court otherwise seeing no error in the two PF&Rs, the magistrate judge's recommendations are correct.

Accordingly, based upon the foregoing, it is ORDERED that:

1. The first PF&R (ECF No. 32) be, and hereby is, adopted and incorporated herein;

2. Hill's claims against defendant Anthony Leonard be, and hereby are, dismissed;

3. Hill's equal-protection claims against all defendants be, and hereby are, dismissed;

4. The second PF&R (ECF No. 33) be, and hereby is, adopted and incorporated herein;

5. The defendants' motion for summary judgment be, and hereby is, granted in part and denied in part as set forth herein;

---

[2] Wolff dealt with prisoners, i.e. those incarcerated following conviction. In Bell v. Wolfish, the Supreme Court held that pretrial detainees "retain at least those constitutional rights that we have held are enjoyed by convicted prisoners." 441 U.S. 520, 545 (1979) (citing, inter alia, Wolff, 418 U.S. 539).

6. Hill's motion for summary judgment be, and hereby is, granted in part and denied in part as set forth herein; and

7. Ashley Holiday, Ron Webb, and Anthony Leonard be, and hereby are, dismissed from this action with prejudice.

The only issue remaining in this matter is the amount of damages to which Hill is entitled as a result of the violation of his procedural due process rights under the Fourteenth Amendment.[3]

The Clerk is requested to transmit copies of this memorandum opinion and order to all counsel of record, to any unrepresented parties, and to the magistrate judge.

ENTER: November 24, 2021

John T. Copenhaver, Jr.
Senior United States District Judge

---

[3] In response to the defendants' objections, Hill discusses, ostensibly for the first time in this case, alleged "deliberate indifference" that "prison officials" showed to his medical needs "for 37 months."  Compare Hill Resp., ECF No. 35, with Compl., Suppl. Compl., and Hill Decl.  That allegation and associated misconduct is not the subject of this action.