```
        UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF WEST VIRGINIA
              AT CHARLESTON
```

**JERMAIN SANTELL HILL,**

        Plaintiff,

v.                                      Civil Action No. 2:19-cv-00140

**CORPORAL ROOP,**

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is defendant Corporal Roop's motion for summary judgment on damages, filed February 17, 2022. Roop Mot. Summ. J., ECF No. 39.

On November 24, 2021, the court entered a memorandum opinion and order adopting the magistrate judge's proposed findings of fact and recommendations ("PF&R"), which the magistrate judge had submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Mem. Op. & Order Adopting PF&Rs, ECF No. 36. The magistrate judge recommended granting pro se plaintiff Jermain Santell Hill's ("Hill") summary judgment motion with respect to Hill's claim that, while in state custody as a pretrial detainee, Corporal Roop, a correctional officer, deprived him of procedural due process rights in violation of 42 U.S.C. § 1983 as explained below. See Second PF&R, ECF No. 33. The magistrate judge also recommended that the rest of Hill's causes

of action against Corporal Roop and all of Hill's causes of action against the other, now-dismissed defendants be dismissed. See First PF&R, ECF No. 32; Second PF&R. Accordingly, "[t]he only issue remaining in this matter is the amount of damages to which Hill is entitled as a result of the violation of his procedural due process rights under the Fourteenth Amendment." Mem. Op. & Order Adopting PF&Rs 6.

## I. Background

This action arises out of disciplinary action taken against Hill while he was incarcerated as a pretrial detainee at South Central Regional Jail in Kanawha County, West Virginia. See Compl., ECF No. 1; Hill Decl., ECF No. 3;[1] Suppl. Compl., ECF No. 8. Correctional officers claimed that, on June 15, 2017, Hill told them that he would sexually assault another inmate if that inmate were housed in a cell with him. Incident Report, ECF No. 26-1. Jail officials charged Hill with violating Rule of Conduct 1.03 contained within the Handbook of Inmate Rules and Procedures of the West Virginia Regional Jail and Correctional Facility Authority. See Compl. Exs., ECF No. 1-1.

---

[1] Hill styles his declaration as an "Affidavit," but the document meets the requirements of an unsworn declaration in lieu of a sworn affidavit allowable under 28 U.S.C. § 1746.

Rule 1.03, titled Rape/Sexual Assault/Sex Acts, provides as follows:

> No inmate shall physically force or attempt to force another person to submit to or perform any sexual act, or threaten[] any person with violence in order to compel or coerce him or her to commit a sexual act. Also, no inmate shall engage or attempt to engage in any sexual act, including sexual intercourse and sexual contact with another inmate or inmate visitor, including kissing and fondling.  No inmate shall expose his/her sexual organs to any person.

Rules of Conduct, ECF No. 26-3.

On June 18, 2017, Corporal Roop held a disciplinary hearing concerning the allegations against Hill.  See Compl. Exs.  According to audio of the hearing, Hill had the opportunity to question the correctional officers who reported him and to call other witnesses.  See Audio Recording, ECF No. 26-4 (on file with the Clerk's Office).  Corporal Roop ultimately found Hill guilty of the rule violation because "multiple officers [told him] the same thing."  Id.  Corporal Roop punished Hill with twelve days of lockdown inside his cell, with shower and recreation opportunities at nighttime.  Id.

After the hearing, Corporal Roop prepared a Rule Violation Report to document the outcome of the hearing but left blank the "Findings" section where he was to provide a post-hearing written explanation for his decision.  See Compl. Exs. Corporal Roop's failure to provide a post-hearing written

3

explanation for discipline deprived Hill of his procedural due process rights, and as a matter of law, constitutes the only instance of liability in this case. See First PF&R; Second PF&R; Mem. Op. & Order Adopting PF&Rs. See generally Dilworth v. Adams, 841 F.3d 246, 253 (4th Cir. 2016) (citing Wolff v. McDonnell, 418 U.S. 539, 563-65 (1974)) (stating that Fourteenth Amendment due process requires an inmate, "after the hearing, to [be provided] a written statement describing the reasons for the disciplinary action taken"). Hill appealed Corporal Roop's decision that same day. See Compl. Exs. The decision was affirmed, with the written explanation stating that "You threatened a violent act. The reports and officers['] testimony stand." See id.

Later, when Hill was transferred to federal custody, information was conveyed to federal officials about Hill's offense. The file given to federal officials has not been provided to the court. Having received that information, Erin Stennett, a unit manager at the federal prison, prepared two memoranda to D.L. Young, the prison's warden, discussing Hill. Both memoranda contain identical language and state as follows:

> This correspondence is in regards to the appropriateness of TRULINCS[2] access for inmate Hill.

---

[2] "TRULINCS is the acronym for Trust Fund Limited Inmate Computer System. TRULINCS provides federal inmates with limited computer access, including sending and receiving electronic messages

4

>	Inmate Hill has a Walsh Act Assignment of Walsh Act No History.  A review of the inmate's Central File and Violation Report indicates on June 11, 2017 [sic], inmate Hill made a Threat of Sexual Assault to a Correctional Officer at the South Central Regional Jail, in Charleston, West Virginia.  Inmate Hill was found guilty of the rule violation on June 18, 2017, and was convicted of Threatening a Violent Act, with the West Virginia Regional Jail and Correctional Facility.
>
>	It appears the inmate's prior offense conduct/conviction did not involve the soliciting of minors for sexual activity, or possession/distribution of child pornography through the Internet or other means, nor does the inmate appear to possess special skills or knowledge of using conduit for committing illegal activities.
>
>	Inmate Hill does not have a Public Safety Factor of Sex Offender.
>
>	Based upon the information provided, <u>it is the recommendation of the Unit Team that inmate Hill receives access to TRULINCS</u>.

Compl. Exs. (October 3, 2017, memorandum, emphasis added); Hill Decl. Exs., ECF No. 3 (January 11, 2018, memorandum stating the same).  The first memorandum, dated October 3, 2017, bears the notation "Denied -- will relook at in 4 month 01/18/2018" in manuscript, signed by Warden D.L. Young, <u>see</u> Compl. Exs., and Hill avers that his TRULINCS access was restricted for around five months, <u>see</u> Hill Decl.  The second memorandum, dated

---

without access to the internet."  <u>Hower v. Stewart</u>, No. GLR-17-198, 2018 WL 4384150, at *2 n.8 (D. Md. Sept. 14, 2018); <u>see also</u> <u>Lineberry v. Fed. Bureau of Prisons</u>, 923 F. Supp. 2d 284, 287 (D.D.C. 2013) (explaining the TRULINCS system).

January 11, 2018, bears the notation "Approved" in manuscript and is unsigned.  See id. at Exs.

Congress passed the Adam Walsh Child Protection and Safety Act of 2006 ("Walsh Act") "[t]o protect the public from sex offenders and offenders against children." Bremer v. Johnson, 834 F.3d 925, 927 (8th Cir. 2016) (quoting Pub. L. No. 109-248, § 102, 120 Stat. 587, 590 (2006)).  Pursuant to the Walsh Act, the Bureau of Prisons maintains policies requiring it to evaluate whether inmates are sexually dangerous persons and, inter alia, whether their TRULINCS access should be restricted or denied.  See generally BOP Policy No. 4500.12 Part 14.9(a)(1); BOP Policy No. 5394.01.[3]

On February 17, 2022, Corporal Roop moved for summary judgment on the issue of Hill's damages.  Corporal Roop contends that Hill is entitled only to nominal damages of one dollar as a matter of law.  Roop Mot. Summ. J.  Hill responded on March 7, 2022, Hill Resp., ECF No. 41, and Corporal Roop did not reply.

---

[3] These Bureau of Prison policies may be located at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query# by searching for the policy numbers and downloading PDF copies of the policies.

## II. Standard of Review

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material" facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010). A "genuine" dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-moving party. Anderson, 477 U.S. at 248.

Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). A party is entitled to summary judgment if the record, as a whole, could not lead a rational trier of fact to find for the non-moving party. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248.

III. Discussion

As a matter of law, Corporal Roop violated Hill's right to procedural due process under the Fourteenth Amendment when he failed to provide Hill with a post-hearing written explanation of the reasons for discipline following the initial disciplinary hearing. Corporal Roop argues that Hill's damages caused by that violation "are limited to a nominal amount, something like $1." Roop Mem. Supp. 8, ECF No. 40.

The United States Supreme Court explains that recovery in a § 1983 suit requires "proof of actual injury." Farrar v. Hobby, 506 U.S. 103, 112 (1992) (citing Carey v Piphus, 435 U.S. 247, 254 (1978)). Absent actual injury, however, a deprivation of rights under § 1983 "should [still] be actionable for nominal damages." Id. (quoting Carey, 435 U.S. at 266); see also People for the Ethical Treatment of Animals, Inc. v. Gittens, 396 F.3d 416, 421 (D.C. Cir. 2005) (citing cases from the Supreme Court and the 2d, 4th, 8th, 9th, and 10th Circuits). Thus, a district court must "award nominal damages when a plaintiff establishes the violation of his right to procedural due process but cannot prove actual injury." Farrar, 506 U.S. at 112.

A limited recovery of only nominal damages is not uncommon for a deprivation of procedural due process because a

plaintiff must show that the deficient process itself caused actual injury:

> [D]amages, other than nominal damages, are not presumed to flow from every deprivation of procedural due process. In order for a plaintiff who has suffered a deprivation of procedural due process to recover more than nominal damages, he must also prove that the procedural deprivation caused some independent compensable harm. . . . Thus, in most cases, a plaintiff who suffers only a procedural deprivation will recover no more than nominal damages.

Burt v. Abel, 585 F.2d 613, 616 (4th Cir. 1978) (emphasis added, citation omitted). Proving some compensable harm flowing from the deprivation of procedural due process itself is particularly difficult "where a plaintiff would have suffered the same fate had" procedural due process not been deprived. Dargis v. Sheahan, 526 F.3d 981, 989 (7th Cir. 2008); see also Carey, 435 U.S. at 260 (finding that suspended students were "not . . . entitled to recover damages to compensate them for injuries caused by the suspensions" where "[they] would have been suspended even if a proper hearing had been held"); Patterson v. Coughlin, 905 F.2d 564, 568 (2d Cir. 1990) ("[E]ven where a denial of due process has been followed by a liberty deprivation, unless the deprivation was caused by the violation the plaintiff is limited to nominal damages.").

Corporal Roop contends that "[Hill] . . . can prove no actual injury resulting from the procedural error itself." Roop

Mem. Supp. 8-9. He likens this case to McCann v. Coughlin, where the Second Circuit found that "the failure to provide [the plaintiff-inmate] with a written statement of the . . . underlying reasons [for discipline] could not have caused his injury" because the written statement would have been after the decision had already been rendered. 698 F.2d 112, 126 (2d Cir. 1983). In other words, the failure to provide a post-hearing written explanation of the reasons for discipline in McCann did not change the disciplinary outcome and thus limited the plaintiff to nominal damages. See id. Corporal Roop insists that, like McCann, Hill is entitled only to nominal damages because "the sanctions resulting from [the] finding of guilt were lawfully imposed, supported by record evidence, and factually would not have changed if the procedural defect had not occurred." Roop Mem. Supp. 6.

In response, Hill mostly focuses on issues that have already been decided against him as a matter of law, such as the sufficiency of other procedures that led to his discipline, Second PF&R 5-6, or that the court has already stated are not subject to this action, such as alleged deliberate indifference to his medical needs, Mem. Op. & Order Adopting PF&Rs 6 n.3.

See Hill Resp., ECF No. 41.[4]  Those arguments are irrelevant to the established deprivation of procedural due process rights at issue in this case.

Hill also suggests that Corporal Roop's failure initially to document in writing the reasons for discipline caused federal prison officials to misunderstand the reason for Hill's punishment and wrongly "label[ him a] sexually violent offender," which, in turn, caused him to lose access to TRULINCS for a period.  See id.  While the federal memoranda discussing Hill correctly state that "Hill made a Threat of Sexual Assault to a Correctional Officer," the threat was that of sexually assaulting another inmate if he were housed in a cell with Hill.  The memoranda properly state the nature of Hill's offense and were prepared as part of Bureau of Prison policies for the housing of potentially sexually dangerous persons.

Furthermore, Unit Manager Erin Stennett, upon review of the information federal officials received concerning Hill's pretrial detention in state custody, recommended that Hill receive access to TRULINCS but was overruled by Warden D.L. Young for approximately five months.  Hill fails to show how a

---

[4] The alleged deliberate indifference to medical needs appears to be lodged against federal prison officials, who have never been party to this action.  See Hill Resp.

written explanation of findings at his hearing would have changed how federal officials dealt with him under their Walsh Act obligations.  Indeed, Hill had been convicted of threatening to sexually assault another inmate, which properly led to his evaluation by federal prison officials as a potentially sexually dangerous person.  To the extent, if at all, Hill contends that the process employed by federal officials was unconstitutional, neither that contention nor the federal officials are before the court.

Hill otherwise does not proffer any facts or theories to support his claim for damages.  Accordingly, Hill has failed to adduce evidence, taken as true, from which a reasonable jury could find that he suffered actual damages from the deprivation of his procedural due process rights by Corporal Roop.  Warfaa v. Ali, 1 F.4th 289, 293 (4th Cir. 2021) ("After a movant satisfies his initial burden to present evidence demonstrating the absence of a genuine issue, the burden shifts to the nonmovant to present specific facts showing that there is a genuine issue for trial.  The Court's inquiry centers on whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." (quotation marks and citations omitted)).

Hill is entitled only to nominal damages, which are "typically one dollar." Price v. City of Charlotte, 93 F.3d 1241, 1250 (4th Cir. 1996). The court finds that a one-dollar nominal damages award is proper here. And because Hill is entitled to no more than nominal damages of one dollar, his Seventh Amendment right to a jury trial is not implicated. Burt, 585 F.2d at 616 n.7; see also U.S. Const. amend. VII.

## IV. Conclusion

For the foregoing reasons, it is ORDERED that Corporal Roop's motion for summary judgment on damages be, and hereby is, granted. Hill is entitled to nominal damages of one dollar against Corporal Roop.

The Clerk is requested to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: March 22, 2022

John T. Copenhaver, Jr.
Senior United States District Judge